# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE HERNANDEZ JR., | ) | 1:12-cv-957 LJO GSA |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND |
| v. | ) | |
| MILANO RESTAURANT, d/b/a Me N Ed's Pizzeria | ) | (Doc. 1) |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff, Eddie B. Hernandez, ("Plaintiff"), appearing pro se and in forma pauperis, filed the instant civil action alleging that he was unlawfully terminated from his employment at Me N' Ed's Pizzeria ("Defendant"). The Court has reviewed the complaint and recommends that it be DISMISSED WITHOUT LEAVE TO AMEND for the reasons set forth below.

///

## DISCUSSION

1

A.      Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

///

///

B.  <u>Plaintiff's Allegations</u>

Plaintiff alleges that he was operating the pizza ovens at at Me-N-Ed's pizzeria located in Visalia, California and that he was improperly cited by state officials for illegally serving minors alcohol at the establishment.[1] He was subsequently terminated from his employment.  Plaintiff alleges that as an employee operating the ovens, he was not responsible for the cash register or serving patrons, and that Defendant never provided Plaintiff with training regarding this issue.  Plaintiff contends that his termination was unlawful and has caused him financial hardship and mental anguish.  He seeks $100,000.00 in monetary damages, and other just relief.

C.  <u>Analysis</u>

Based on the above facts, Plaintiff cannot establish that federal jurisdiction is proper.  Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate which are essentially those cases involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 <u>and</u> is between citizens of <u>different</u> states), or a federal question, or to which the United States is a party.  28 U.S.C. §§ 1331 and 1332; <u>See also</u>, <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994); <u>Finley v. United States</u>, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  Here, Plaintiff has failed to establish that federal jurisdiction exists.  The United States is not a party in this action and no federal question is presented.  Moreover, diversity jurisdiction only exists when a case is brought against citizens of different states and the amount in controversy exceeds $75,000.00.  <u>See</u>, 28 U.S.C. § 1332.  In this case, Plaintiff is a citizen of California and the Defendant, Milano Restaurant d/b/a Me-N-Ed's Pizza, is also a citizen of California.  Therefore, diversity jurisdiction does not exist and any amendment would be futile.

**RECOMMENDATIONS**

For the reasons set forth above, the Court finds that Plaintiff would be unable to state a cognizable claim even if leave to amend were given.  Accordingly, it is recommended that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND for lack of federal

---

[1]  The date this incident occurred is not clear from the complaint.

1 jurisdiction.

2     These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **July 31, 2012**           /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE